JUDGE COLEMAN
MAGISTRATE JUDGE JANTZ

FILED
8/15/2023
JC
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Aug 15, 2023

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KENDRICK FRANCISCO | Violation: Title 15, United States Code, Section 645(a) **23-CR-451** |

The ACTING UNITED STATES ATTORNEY charges:

1. At times material to this information:

a. The Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic.

*Economic Injury Disaster Loan program*

b. One source of relief provided by the CARES Act was the expansion of the Economic Injury Disaster Loan ("EIDL") program, which provided loan assistance (including advances of up to $10,000) for businesses with, among other things, 500 or fewer employees and other eligible entities. Pursuant to authority provided in Chapter 14A, Title 15, United States Code, the EIDL program was designed to provide economic relief to small businesses that were experiencing a temporary loss of revenue.

c. To gain access to funds through the EIDL program, small businesses applied through the U.S. Small Business Administration ("SBA") via an

1

online portal and application. As part of the EIDL application process, the SBA required applicants to submit truthful information about the applying business, its owner, and its condition prior to the COVID-19 pandemic. This information included the applicant's number of employees as of January 31, 2020; its gross revenues and cost of goods sold for the 12-month period prior to January 31, 2020; the entity's type of business (i.e., a business, a sole proprietorship, a cooperative, among others); and the date on which the current owner assumed ownership of the business. Applicants were required to electronically certify that the information provided in the application was true and correct and were warned that any false statement or misrepresentation to the SBA may result in sanctions, including criminal penalties.

    d.  EIDL Advance was a grant program offered as part of the EIDL program. EIDL Advance was designed to provide emergency economic relief to businesses that were experiencing a temporary loss of revenue as a result of the COVID-19 pandemic. The applicant could request an EIDL advance in an application for an EIDL loan. The amount of the advance issued to the small business applicant was determined by the number of employees indicated on the EIDL application, $1,000 per employee, up to $10,000. If an EIDL advance was issued, the advance did not need to be repaid.

    e.  Approval and acceptance of an EIDL loan was not required to receive an EIDL advance. EIDL advances generally were paid to applicants by SBA prior to its decision whether to approve an EIDL loan.

f. If the EIDL loan application was approved by the SBA, the amount of the loan was determined in part based on the statements in the EIDL application about the entity's revenues and cost of goods sold for the 12 months prior to January 31, 2020.

g. EIDL funds were issued to the small business applicants directly from the United States Treasury.

h. EIDL proceeds and EIDL advance proceeds were permitted to be used to pay a variety of working capital and normal operating expenses, such as continuation of health care benefits, rent, utilities, and fixed debt payments.

*Defendant's June 27, 2020 EIDL application*

i. On or about June 27, 2020, defendant caused to be prepared, and submitted to the SBA, an application for an EIDL loan and advance; in which application he represented that he was the sole proprietor of an agricultural business that was established in 2019 and had gross revenue of $45,000 in the twelve months prior to January 31, 2020.

j. Additionally, in order to maximize the EIDL advance payment from SBA, defendant represented in the EIDL application that his purported sole proprietorship employed 10 people as of January 31, 2020.

k. Through the submission of this application for an EIDL loan and advance, defendant caused the SBA to disburse an EIDL advance in the amount of

3

approximately $10,000 into account x9402 maintained by defendant in his own name at Bank of America.

2. On or about June 27, 2020, in the Northern District of Illinois, Eastern Division, and elsewhere,

KENDRICK FRANCISCO,

defendant herein, made a statement knowing it to be false, for the purpose of influencing in any way the action of the SBA, and for the purpose of obtaining money, property, or anything of value, under Chapter 14A of Title 15, United States Code, in that FRANCISCO falsely stated that:

    a. he was the sole proprietor of an agricultural business that was established in 2019;

    b. his sole proprietorship had gross revenues of $45,000 in the twelve months prior to January 21, 2020; and

    c. his sole proprietorship employed 10 people as of January 31, 2020,

when in fact, as defendant knew, each of those statements was false because he was not the sole proprietor of an agricultural business, had not earned gross revenues in the stated amount in the twelve months prior to January 31, 2020, and his sole proprietorship did not employ 10 people.

In violation of Title 15, United States Code, Section 645(a).

**JASON YONAN**
Digitally signed by JASON YONAN
Date: 2023.08.11 12:04:42 -05'00'

Signed by Jason Yonan on behalf of the
ACTING UNITED STATES ATTORNEY